# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50251 | **DATE** | 12/28/2012 |
| **CASE TITLE** | John P. Miller vs. James G. Herman, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the order of the bankruptcy court is affirmed. This case is terminated.

Philip G. Reinhard

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT - OPINION

Appellant, John P. Miller, appeals from the May 14, 2012 order of the bankruptcy court denying his motion to reopen the bankruptcy case of appellee, James G. Herman, for the stated purpose of seeking revocation of appellee's discharge in bankruptcy and a determination that appellee's debt to appellant is nondischargeable under 11 U.S.C. § 523. Appellant filed timely notice of appeal. Jurisdiction is proper under 28 U.S.C. § 158(a)(1).

Appellee filed a chapter 7 bankruptcy petition on June 4, 2010.[1] The first meeting of creditors was scheduled for July 26, 2010 making the deadline to file objections to discharge or complaints to determine the dischargeablity of a debt September 24, 2010. In his schedules appellee listed appellant as a creditor but listed his address as "c/o Thomas Stilp, Attorney" at Stilp's office address. It is undisputed that appellee's bankruptcy attorney, Richard Jones, not appellee, prepared the schedules listing this address. Stilp had represented appellant in various lawsuits in state and federal court involving a dispute over appellee's construction of a house for appellant. It is these claims that appellant seeks to have declared nondischargeable if the bankruptcy case is reopened. Stilp testified he did not see the notice of bankruptcy when it was delivered to his office in June 2010. Apparently, it was routed to another attorney in the firm who did not give it to Stilp or send it to appellant.

In August 2010, while preparing to file another action for appellant against appellee, Stilp, while doing a public search to confirm appellee's address, discovered appellee had filed bankruptcy. On August 31, 2010, he emailed appellant advising him of the bankruptcy. Appellant took no action in the bankruptcy case and a discharge order was entered on September 27, 2010. On October 20, 2010, the bankruptcy case was closed. On September 26, 2010, appellant filed the motion to reopen which is the subject of this appeal.

The crux of appellant's motion to reopen was that he had not received proper notice of the bankruptcy proceeding and that this fact entitled him to reopen the case to pursue his nondischargeability complaint and revocation of discharge. The bankruptcy court conducted an evidentiary hearing, and found appellant had been properly served notice based on the service on Attorney Stilp.

Appellant first states that his motion to revoke discharge was timely because it was filed within one year of the entry of the discharge order. To support this position he merely cites portions of 11 U.S.C. § 727 with no argument or case support. He cites section 727(e)(1) which provides a creditor may request a revocation of a discharge "under subsection (d)(1) of this section within one year after such discharge." 727(d)(1) provides for revocation of discharge if "such discharge was obtained through fraud of the debtor and the requesting party did not know of such fraud until

## STATEMENT - OPINION

after granting such discharge." Appellant provides no argument or authority showing how the discharge was obtained by fraud. Undeveloped arguments and arguments that are not supported by pertinent authority are waived. Puffer v. Allstate Ins. Co., 675 F.3d 709, 718 (7th Cir. 2012). Appellant has waived his argument that he timely filed a motion to revoke discharge.

An examination of the proposed adversary complaint, which is in the record, reveals that appellant actually seeks to proceed under section 727(a)(4)(A) which deals with objection to discharge not revocation of discharge. An objection to discharge must be filed no later than 60 days after the first date set for the meeting of creditors under section 341(a). Fed. R. Bankr. P. 4004(a). The meeting of creditors was scheduled for July 26, 2010 making the deadline for filing an objection to discharge September 24, 2010. Appellant's motion, if viewed as an objection to discharge, was untimely.

The balance of the appeal concerns the issue of notice. The bankruptcy court, after an evidentiary hearing, found that notice of appellee's bankruptcy filing had been sent to and received by Stilp's law firm and that there was a sufficient nexus between Stilp's representation of appellant and the debt to appellant listed by appellee in his bankruptcy schedules for the notice to Stilp to be deemed notice to appellant.

On appeal from the bankruptcy court, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Smith, 582 F.3d 767, 777 (7th Cir. 2009).

Stilp testified in the bankruptcy court. The bankruptcy court, after hearing his testimony, found that Stilp was still representing appellant at the time the notice was sent to Stilp. The bankruptcy court found Stilp "admitted that he had not terminated the representation [of appellant], had not closed his file and had not refused future representation. Instead, he made a suggestion . . . which [appellant] indicated he would think about . . . over the summer. Furthermore, at the end of the summer, no more than three months after the federal litigation was dismissed, [appellant] asked Mr. Stilp to go forward and refile in State Court. Under such circumstances, the debtors have established that Mr. Stilp continued to represent [appellant] at the time the notice was sent." The bankruptcy court went on to find "Mr. Stilp constituted the proper agent for service and notice sent to him by the clerk's office constituted notice under 523(a)(3) even if he did not personally receive it nor was it unreasonable for [appellee] to believe that Mr. Stilp still represented [appellant]."

The bankruptcy court's factual finding that Stilp continued to represent appellant at the time appellee's bankruptcy was filed was not clearly erroneous. The finding is perfectly reasonable based on the evidence presented at the hearing and certainly do not leave the court "with the definite and firm conviction that a mistake has been committed." Smith, 582 F.3d at 777. Based on this finding, the legal conclusion that Stilp was a proper agent for service of the bankruptcy notice logically follows. Where an attorney is representing a creditor to collect a debt outside of bankruptcy, sending that attorney notice of the filing of the bankruptcy by the debtor is imputed notice to the creditor the attorney is representing. See In re Schicke, 290 B.R.792, 803 (10th Cir. BAP 2003) (collecting case at n.26); In re Linzer, 264 B.R. 243, 248 (Bankr. E.D. N.Y. 2001). This is clearly the case with Stilp and appellant. Stilp was representing appellant in pursuing his claims against appellee at the time appellee filed bankruptcy and sent notice of the filing to Stilp. Stilp was, as the bankruptcy court found, a proper agent for appellant for service of the notice.

Because appellant received proper notice of appellee's bankruptcy filing, the bankruptcy court had no reason to reopen appellee's bankruptcy case as the relief appellant wished to pursue, was unavailable to him under the facts of this case.

The order of the bankruptcy court is affirmed. This case is terminated.

1. He filed a joint petition with his wife but she is not the subject of the pending matter so the court will treat the petition as only appellee's for purposes of this appeal.